IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER OGROD, | : |
| Plaintiff, | : Civil Action No. 21-cv-2499-JP |
| v. | : |
| CITY OF PHILADELPHIA, *et al.*, | : **ORAL ARGUMENT REQUESTED** |
| Defendants. | : |

**SUR-REPLY OF NBC-SUBSIDIARY (WCAU-TV), L.P. IN OPPOSITION
TO DEFENDANT CITY OF PHILADELPHIA'S MOTION TO COMPEL**

In its Reply Brief, Defendant City of Philadelphia makes no effort to argue that it can overcome the First Amendment reporter's privilege. Instead, the City argues it is "not necessary" to meet the well-established three-part test "when non-confidential information is sought." Reply at 4. This argument misapprehends the law and Third Circuit precedent.

The City first misses the mark when it contends that in *United States v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980) ("*Cuthbertson I*"), the Third Circuit held that the privilege "*may*" extend to nonconfidential sources. Reply at 5. There was no such doubt in *Cuthbertson I*: the Third Circuit unambiguously "h[e]ld that the privilege extends to unpublished materials in the possession of CBS" – *i.e.*, the unaired footage of interviews with nonconfidential sources. *Cuthbertson I*, 630 F.2d at 147.

The City falters again when it suggests that *Cuthbertson II* "muddies the waters." Reply at 6. In that case, the Third Circuit made clear that the footage only could be obtained if the defendants overcame the three-part test set forth in its three earlier decisions addressing the reporter's privilege. As the City notes, the Third Circuit reversed the trial court's order requiring

disclosure under Federal Rule of Criminal Procedure 17. *Id.* But, the appellate court then stated explicitly that it was reversing the trial court's order "*for a separate and independent reason . . . the defendants failed to meet the test consistently announced in this court's Riley-Cuthbertson-Criden trilogy of fair trial-free press cases.*" *United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) ("*Cuthbertson II*") (emphasis added). Specifically, the Third Circuit held that the defendants "failed to prove an element necessary to overcome the media's qualified privilege: that the only practical access to the information sought is through the media source." *Id.* at 196.

The City argues that the *Cuthbertson II* rulings on Rule 17 and the privilege were "inextricably entwined," Reply at 6, but the only reason those rulings overlapped was that, to the extent the footage of witnesses' interview statements constituted impeachment evidence under Rule 17, those statements satisfied the third element of the privilege test – they would be considered crucial evidence in the criminal case because they would implicate the defendant's Sixth Amendment rights to confront witnesses and to a fair trial, *Cuthbertson II*, 651 F.2d at 195-96; *Cuthbertson I*, 630 F.2d at 146-47. Thus, in *Cuthbertson II*, the court explicitly held that the production of any unaired footage could only be compelled *after* the witnesses testified at trial and *only* if their testimony differed from what they said in their interviews. 651 F.2d at 196. This case, in contrast, is a civil proceeding, which does not implicate Sixth Amendment rights. Thus, even if the witnesses' testimony differs from their unaired interviews, the City would be hard pressed to show that the unaired footage is crucial to its defense. (Notably, at this stage, the City has refused to disclose whether it even has asked any witness about what they said in their interviews, much less provided any reason to think their testimony might differ from the interviews. *See* NBC10 Opp. at 7 & Ex. 2.)

While the City complains that in *Cuthbertson II* the Third Circuit "incorrectly applied the *Riley* test to its facts," Reply at 6, the application of the test to the facts of that case – which centered on a subpoena for unaired footage of interviews with nonconfidential sources – is the precedent in this Circuit.  The City's disagreement with that precedent does not change its binding nature.

Following the *Cuthbertson II* decision, the law in this Circuit is clear:  a litigant only can obtain a journalist's nonconfidential newsgathering material by overcoming the three-part test.  That rule has been uniformly followed for more than four decades – even when a litigant simply seeks a journalist's testimony to verify the accuracy of *published* statements.  See Opp. at 4-6, 7-9 (citing cases); *see also, e.g.*, *Siroky v. Allegheny County*, 2018 WL 1465759, at *8 (W.D. Pa. Mar. 26, 2018) (applying three-part test to require reporter to be deposed when central issue in the case was what the plaintiff said to the reporter, but strictly limiting scope of testimony to "whether [plaintiff] made the statements attributed to him" in published news article and quashing request for unpublished newsgathering materials); *Perry v. Keulian*, 1997 WL 117027, at *1 (E.D. Pa. Mar. 10, 1997) (applying three-part test to quash subpoena seeking discovery from reporter about whether defendant made certain statements to him); *Damiano v. Sony Music Entm't*, 168 F.R.D. 485, 496-97 (D.N.J. 1996) (applying three-part test to quash subpoena for reporter's recorded interview of defendant in copyright infringement case).[1]

---

[1] In discussing Judge Sanchez's decision in *McBride v. CBS Radio, Inc.*, 2011 WL 8072752, at *1 n.1 (E.D. Pa. Apr. 12, 2011), the City states that "it appeared that the subpoenaing party already had pre-existing records from 6ABC – emails referenced in the opinion."  Reply at 8.  But, those emails were obtained *from an alternative source*, not 6ABC.  Again, this undermines the City's argument that a litigant does not need to exhaust alternative sources before seeking a reporter's unpublished material.  *See* Ex. A at 4 (excerpt from ABC, Inc.'s Motion to Quash stating "Plaintiff's counsel provided Movant's counsel a copy of various emails he had obtained between" reporter and spokesperson who had contacted media about the events at issue).

Accordingly, it is no surprise that the City has not cited a single case involving a subpoena for unpublished newsgathering material where a district court in this Circuit has failed to apply the three-part test. That well-established test plainly applies here. The City cannot meet it. The subpoena therefore should be quashed.

## CONCLUSION

For the foregoing reasons and the reason previously expressed in its Opposition, NBC-Subsidiary (WCAU-TV), L.P. respectfully requests the City's Motion to Compel be denied or, in the alternative, that a ruling on the Motion to Compel be deferred until after Ogrod has been deposed and/or the third-party witnesses testify at trial.

Dated: June 8, 2023

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Michael Berry*
    Michael Berry

1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: (215) 665-8500
F: (215) 864-8999
berrym@ballardspahr.com

*Counsel for Non-Party NBC Subsidiary (WCAU-TV), L.P.*

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. MCBRIDE | : Case No. 2:10-cv-05463-JS |
| Plaintiff, | : |
| v. | : |
| CBS RADIO, INC. | : |
| Defendant | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANTS ABC, INC. AND RICHARD WILLIAMS TO QUASH SUBPOENA

Non-parties ABC, Inc., which owns and operates television station WPVI-TV/6ABC in Philadelphia ("WPVI"), and Richard Williams, Executive Producer at WPVI (together, "Movants"), hereby move this Court pursuant to Fed. R. Civ. P. 45 (c)(3)(A)(iii), 42 Pa. C.S.A. §5942(a) and the First Amendment to the United States Constitution, for an Order quashing the subpoena propounded by plaintiff Edward J. McBride ("McBride" or "Plaintiff") seeking the testimony of WPVI Executive Producer Richard Williams regarding internal editorial decisions and newsgathering conducted by WPVI.

Plaintiff's subpoena must be quashed because it violates the First Amendment reporter's privilege as recognized in this Circuit and by Pennsylvania courts. The First Amendment reporter's privilege protects journalists from the compelled disclosure of newsgathering information. To defeat the privilege, Plaintiff bears the burden of establishing, specifically, that the subpoenaed information is materially relevant, necessary and crucial to his claims and that he has exhausted all alternative sources of the information. Plaintiff cannot hope to meet this burden.

Case 2:10-cv-05463-JS   Document 16   Filed 03/16/11   Page 5 of 34

Plaintiff McBride is suing radio station KYW for libel, alleging that it incorrectly reported that his home was raided by the FBI. WPVI did not mention McBride's home in its report of the raid, and Plaintiff is apparently seeking WPVI Executive Producer Williams' testimony to find out why. Plaintiff explained through counsel to Movants that he believes that what WPVI did or did not do will show the "standard of care" that was allegedly breached by defendant KYW.

But Williams' testimony would not even be materially relevant, much less necessary, to establishing a standard of care in this case, and falls far short of being "crucial" to Plaintiff's claims for purposes of overcoming the constitutional privilege. If McBride is shown to be a public figure who must prove "actual malice," i.e., knowing falsity, then WPVI's reporting would establish nothing about defendant KYW's state of mind and would not be materially relevant or necessary to Plaintiff's claims. If Plaintiff is deemed to be a private figure who need prove only negligence, the independent reporting by WPVI, based on the particular and unique mix of facts available to it, could not establish that KYW, with its own set of facts, was negligent. Plaintiff is essentially seeking to compel a non-party journalist to give expert opinion for a legal standard of care. This Plaintiff cannot do.

Further, only one deposition has taken place (Plaintiff McBride's deposition), so Plaintiff cannot hope to make the required clear and specific showing that he has exhausted alternative sources of the subpoenaed information. Williams is not even a proper source for standard of care evidence, much less the only source. Rather than drag a separate news organization with no knowledge of KYW's conduct or internal policies into court, Plaintiff should focus on other sources for the information he seeks, such as KYW's reporting, policies and procedures, or a journalism expert. The First Amendment reporter's privilege exists so that invading a non-party

journalist's files and newsgathering practices is the <u>last</u> thing a litigant does, after all available sources are exhausted, and then only when the information sought is crucial and necessary to the case.

Movants understand that McBride intends to subpoena other journalists as well, including possibly others at WPVI, as well as The Philadelphia Inquirer and Philadelphia Daily News. If this subpoena is upheld, then journalists must routinely expect to be subpoenaed in any libel case simply for reporting on the same subject matter of the lawsuit. Such a precedent would undermine the policy of the free flow of information to the public and strike at the heart of the First Amendment.

## **RELEVANT BACKGROUND**

### The Parties

Plaintiff is Edward J. McBride, who was allegedly in charge of marketing and public relations for IBEW Union Local No. 98.

Defendant is CBS Radio, Inc., d/b/a KYW.

Movant ABC, Inc. owns and operates television station WPVI-TV/6ABC ("WPVI") in Philadelphia. Movant Richard K. Williams is Executive Producer at WPVI. Williams joined the station in 1998.

Movants are not parties in this action.

### The Lawsuit

In or around September 2010, Plaintiff sued defendant KYW for defamation. The lawsuit arises out of a KYW radio broadcast covering searches of the homes of certain individuals by the Federal Bureau of Investigations ("FBI") in the summer of 2010. McBride

alleges that KYW falsely reported his home was one of the locations searched by the FBI. See Complaint, attached as Exhibit A.

In October 2010, defendant KYW removed the lawsuit to this Court.

The discovery deadline is currently May 4, 2011.

Movants understand that at the time of this filing, only one deposition has taken place (Plaintiff McBride's deposition).

### Plaintiff's Subpoena

On or around February 23, Plaintiff served Movant Williams with a subpoena seeking his testimony at a deposition on Tuesday, March 29, 2011. See Subpoena, attached as Exhibit B.

Counsel for Movants contacted Plaintiff's counsel to object to the subpoena on First Amendment grounds and inquire why Plaintiff sought Williams' testimony. Plaintiff's counsel informed Movants' counsel that various news outlets in Philadelphia -- including WPVI, The Philadelphia Inquirer and Philadelphia Daily News -- also reported on the FBI's searches but, unlike KYW, did not report that McBride's home was among those searched. He said that he intended to subpoena these news organizations to determine how and why they reported on the story without mentioning McBride's home in the hopes that this evidence will establish that KYW breached a "standard of care."

Plaintiff's counsel provided Movants' counsel a copy of various emails he had obtained between WPVI's Richard Williams and Frank Keel, a spokesperson for Local No. 98. See Emails, attached as Exhibit C. Mr. Keel had emailed the local media to inform them that Local 98 member McBride's home was "NOT raided by the FBI, contrary to prior media reports." Williams replied to the email stating in substance that WPVI never mentioned Ed McBride

because it was unable to get independent confirmation of any such raid, and asked Mr. Keel to direct his clarification to other news outlets that may have named McBride.

When asked, Plaintiff's counsel provided no legal citation to explain how reporting by other news outlets had any relevance to whether defendant KYW breached the standard of care. When requested to narrow or modify the subpoena to limit the range of testimony sought from Williams, Plaintiff's counsel refused. He also refused to postpone the deposition, even though no other depositions had taken place in the case. To the contrary, Plaintiff's counsel insisted that Williams' deposition go forward, making this Motion to Quash necessary.

## ARGUMENT

### I. THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE THE SUBPOENA VIOLATES THE FIRST AMENDMENT REPORTER'S PRIVILEGE

#### A. The First Amendment Reporter's Privilege Protects Newsgathering Information

It is established in this Circuit, and adopted by Pennsylvania courts, that reporters enjoy a privilege protecting them from the compelled disclosure of newsgathering material. See Davis v. Glanton, 705 A.2d 879, 885 (Pa. Super. 1997); McMenamin v. Tartaglione, 590 A.2d 802, 811 (Pa.Commw.), aff'd without op., 590 A.2d 753 (Pa. 1991) (per curiam); Riley v. City of Chester, 612 F.2d 708 (3d Cir. 1979); United States v. Cuthbertson, 630 F.2d 139, 146-149 (3d. Cir. 1980) ("Cuthbertson I"); United States v. Cuthbertson, 651 F.2d 189, 195-96 (3d Cir.), cert. denied, 454 U.S. 1056 (1981) ("Cuthbertson II"); United States v. Criden, 633 F.2d 346, 358-59 (3d Cir. 1980), cert. denied, 449 U.S. 1113 (1981).

In Riley, Cuthbertson I and their progeny, the Third Circuit explained the reasons for the privilege:

> [T]he compelled production of a reporter's source materials can constitute a significant intrusion into the newsgathering and editorial processes... [I]t

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court enter an Order quashing the subpoena seeking the testimony of Richard K. Williams.

Respectfully submitted,

Dated: March 16, 2011

**FOX ROTHSCHILD LLP**

_____
Robert C. Clothier
Sekou Campbell
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel (215) 299-2000/Fax (215) 299-2150

Counsel for Movants ABC, Inc. and Richard Williams